### THOMAS W. EMERSON'S APPEAL FROM PROBATE.

New Haven Co., Dec. T., 1887.  PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The statute, Gen. Statutes, p. 383, sec. 25, (materially changed in Revision of 1888, sec. 532,) provided that proceedings in insolvency should dissolve all attachments and uncompleted levies on the property of the debtor made within sixty days next preceding; but that the attaching and levying creditors should be allowed the amount of their legal costs, to be paid before any other claims, if their claims should be allowed by the commissioners.  Held that the attaching and levying creditors had a lien upon the property attached for their legal costs, to be paid by the trustee before the application of the property to any purpose whatever under the insolvent proceedings, if the claims of such creditors should be allowed in whole or in part by the commissioners.

[Argued December 8th—decided December 30th, 1887.]

APPEAL from the decree of a probate court allowing the account of a trustee in insolvency; taken to the Superior Court in New Haven County, and reserved, on a demurrer of the appellee to the reasons of appeal assigned, for the advice of this court.  The case is fully stated in the opinion.

L. Harrison, in support of the demurrer.

W. K. Townsend, contra.

PARDEE, J. On July 31st, 1879, the appellant instituted a suit against W. H. H. Murray for the recovery of $2,000, returnable to the Superior Court for New Haven County, and attached personal property of the value of $2,500. On the 19th day of the following September the debtor was adjudged an insolvent by the probate court for the district of Guilford, and on the 30th day of the month A. G. Hull was appointed trustee of his estate. These proceedings in insolvency dissolved the appellant's attachment and the trustee demanded and took the personal property under attachment from the possession of the deputy sheriff, and included it in his inventory of the estate, and it was subsequently divided among the creditors of the insolvent. Between the date of attachment and that of surrender the appellant had necessarily expended $687.67 in the care of the property attached. The commissioners allowed his claim to the amount of $1,381.22. He asked the probate court to order the trustee to repay him the amount of this expenditure from the proceeds of the property taken from him, before paying therefrom either the expenses or compensation of the trustee or the fees of the probate court. The probate court denied the request and postponed him to the payments above specified. These last so far exhausted the estate as that there is not sufficient remaining to pay him the sum specified.

We think there is error in this decree.

The statute, (Revision of 1875, title 18, chap. 11, sec. 25,) provides that " the commencement of proceedings in insolvency shall dissolve all attachments and all levies of executions not completed, made within sixty days next preceding ; * * * but the attaching and levying creditors shall be allowed the amount of their legal costs accruing before the time of the appointment of a trustee, which shall be paid before any other claims and in the order of such attachments and levies, if their respective claims shall in whole or in part be allowed by the commissioners." Here the word " claims " means occasion to pay. The statute is an embodiment of justice. It is based upon the truth that

when an owner is wasting his estate at the expense of his creditors, if one of them shall at his own cost, by the hand of the law, rescue and preserve a portion of it and deliver it to a trustee for the benefit of all, he is as fully entitled to retain the amount of such expenditure as is he who saves property from a sinking vessel to have salvage before the owner can demand his own. It is not consonant with either the statute or the sense of right that the trustee should have more for the estate than the excess beyond such cost. He should administer the trust in this behalf upon the theory that the creditor has lawfully retained the cost and delivered only the remainder. By statute the creditor has a lien upon the property for his expenditure in keeping it; he holds it as under a pledge by the owner, and no one can reclaim it without payment. If the owner had escaped insolvency he could not have regained it except by payment. In his hands the estate would inevitably be diminished by the amount of this cost. And there is no reason why the trustee should have any greater right. All this regardless of the fact that the creditor was moved by self-interest; so are salvors; nevertheless property is saved to other creditors and owners. If these last will accept the benefits they should pay the cost.

Section thirty-four of the same chapter provides that "the court of probate shall direct the payment of claims against the estate of an insolvent debtor to be made in the following order:—first, the expenses of executing the trust and settling the estate; secondly, all lawful taxes and all debts due to the state and to the United States; thirdly, such claims as are allowed by the commissioners to be paid in full; and lastly, all other claims allowed, in proportion to their respective amounts."

This neither repeals nor modifies nor in any manner affects section twenty-five; it is supplemental to it; they are in perfect harmony. Section twenty-five gave to the expenses attending the attachment precedence over every other occasion for payment, whether it be charge, compensation, tax, fee, or debt proper. The appropriate place for this pro-

vision obviously was in the section which takes from the creditor the fruit of his diligence in securing his debt. Subsequently, in section thirty-four, at an appropriate time and place, the statute specifies the order of precedence in payment of all other claims, including in that general word "claims" not only the debts contracted by the debtor personally, before the appointment of the trustee, and taxes then payable, but expenses incurred by the trustee in the protection and care of the property, his compensation for services, and the fees of the court; omitting here all mention of the obligation which every one concedes is to be discharged at some time, namely, to pay the costs of the attaching creditor, for the very sufficient reason that this had been previously disposed of. Section thirty-four, after saying in the most general way that "the probate court shall direct the payment of claims against the estate of an insolvent debtor to be made in the following order" etc., becomes particular in the description of what it is referring to. It proceeds to make a list:—first, expenses of executing the trust and settling the estate; second, all lawful taxes and all debts due to the state and to the United States; third, such claims as are allowed by the commissioners to be paid in full; and lastly, all other claims allowed, in proportion to their respective amounts. Herein the third and last divisions concern themselves solely with debts growing out of some act or contract by the debtor—debts according to the common speech of people. The right to repayment of costs attending an attachment does not fall within this class; it does not exist because of any contract with, act done by, or request from the debtor; it exists contrary to his will and in spite of his efforts to prevent it. The expenditure is imposed upon the attaching creditor by the necessities of the case. He is under compulsion to protect and preserve the property for the owner and other creditors. The statute does not intend to compel him to pay any portion of the insolvent's debts to others as a punishment for making a lawful effort to collect what is due to himself.

The statutes thus interpreted do not expose the trustee to

any risk. If the costs of the attaching creditor equal the value of the property, the trustee will ·not take it. He is under no obligation to assume a burden. He can elect to take only what will be beneficial to the estate. If there be not enough of the estate to compensate himself, he will decline the trust. As therefore by statute the appellant's right to payment in full for his expenditure in preserving the property takes precedence of every other right or obligation on the part of the trustee to pay from the estate, the Superior Court is advised to disaffirm the decree of the probate court in allowing the trustee's account.

In this opinion the other judges concurred.